ADRAIN WEATHERLY, ET AL., *v.* JAMES CROOKS, ET AL.

**Final Judgment.**

A judgment by a court of competent jurisdiction is not only final as to all matters determined by it; but is also final as to every other matter incident to the cause which the parties might have put in issue.

**Former Trial and Judgment Pleaded as a Defense.**

A former decree in equity between the same parties and for the same subject, even if it be only a judgment of dismissal, is a good defense when pleaded by either party.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 25, 1876.

OPINION BY JUDGE PRYOR:

We perceive no escape from the conclusion arrived at by the court below.

Section 25037 was instituted by the same parties and for the identical purpose for which the present action was instituted. In the first named action it was alleged that the property was indivisible, and therefore a sale was asked, in order to obtain a distribution of the proceeds between the heirs of Mrs. Nall. All the heirs were parties to that action, either plaintiffs or defendants, and the same parties or their heirs are plaintiffs or defendants in the present action. The heirs or children of John E. Weatherly denied in the first action that the title to the property in controversy was in the heirs of Mrs. Nall, and alleged that she became dissatisfied with the purchase and surrendered it to her son, and that he paid the purchase money and became the owner, and had been in the possession, claiming it as his own, for a number of years. None of the children who were made defendants united by their answer in the prayer of the petition, and asked that the house and lot be sold.

Upon the issue thus made the case was submitted and a judgment rendered, dismissing the petition at the costs of the plaintiffs, giving the defendants an execution. It may be that the case was dismissed for the reason that no title was exhibited by the appellants; but how is this court to arrive at such a conclusion upon an issue made, as in this case, and proof taken to support it. If the chancellor erred the remedy was by an appeal.

In the present case the same facts are alleged, that a division would impair the value of the property, and therefore a sale is asked. The only material difference is that the children who now sue present a deed that was obtained after the dismissal of the first suit without notice to the appellees. They were as much entitled as heirs before this deed was obtained as after. In the first case it was concluded that Mrs. Nall was at one time the owner, but that she afterwards sold the property to her son or surrendered the purchase to him, and the only question really to be determined was, Have the allegations of appellees' answer in the original action been sustained by the proof? We know of no case and have been referred to none where an issue has been formed, unless merely collateral, and proof heard, and where there has been a dismissal of the case absolutely, in which it has been held that it was not a bar to another action between the same parties upon the same cause of action; nor is it material whether they were plaintiffs or defendants.

13

The general rule is, "that a judgment by a court of competent jurisdiction is not only final as to all matters determined by it, but is also in general final as to every other matter incident to the cause which the parties might have put in issue. The exceptions to the rule are where the judgment has been obtained by fraud or newly discovered evidence authorizing a review of the case, etc. *Talbott v. Todd*, 5 Dana 190. A former decree in equity between the same parties and for the same subject matter is also a good defense in equity, even although it is a decree merely dismissing the bill, if the dismissal is not expressed to be without prejudice. Here the courts of equity act in analogy to the law in some respects, but not in all, for the dismissal of a suit at law or even a judgment at law is not in all cases a good bar to another action.

Whether any distinction now exists between judgments at law and in equity upon this question is not necessary to be determined, as in either case where the right of recovery is placed in issue upon the merits and proof heard, or judgment dismissing the petition absolutely, there is a complete bar to another action for the same cause between the same parties.

Judgment must therefore be *affirmed*. Judge Lindsay not sitting.

*Young & Boyle, for appellants.*

*J. C. Walker, M. A. Sachs, for appellees.*